IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 07 213S

| | |
|---|---|
| THE TALARIA COMPANY, LLC, d/b/a THE HINCKLEY COMPANY and HINCKLEY YACHT SERVICES, Plaintiff, | |
| v. | CIVIL ACTION NO. IN ADMIRALTY |
| M/V SEA BISCUIT (O.N. 590706), Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., *in rem*, Defendant. | |

**VERIFIED COMPLAINT**

NOW COMES plaintiff, The Talaria Company, LLC, doing business as The Hinckley Company and Hinckley Yacht Services, by its attorney, and complaining *in rem* against defendant vessel SEA BISCUIT (O.N. 590706), her engines, machinery, tackle, apparel, furniture, equipment, rigging, and all other necessary appurtenances thereto, to enforce a maritime lien for "necessaries" against the vessel, alleges as follows:

<u>Jurisdiction and Venue</u>

1. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b). This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided

in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of defendant vessel.

## The Parties

2. Plaintiff, The Talaria Company, LLC, doing business as The Hinckley Company and Hinckley Yacht Services (hereinafter referred to collectively as "Hinckley"), is a limited liability company duly organized and existing under the laws of the State of Delaware with a place of business located at One Little Harbor Landing, Portsmouth, Rhode Island 02871.

3. Defendant, M/V SEA BISCUIT (hereinafter referred to as "Vessel"), which is owned by William Patton Cassidy, Jr. of 52 Madequecham Valley Road, Post Office Box 23, Nantucket, Massachusetts 02554 (hereinafter referred to as "Owner"), is documented under the laws of the United States, bearing Official No. 590706, and is, and will be during the pendency of this action, within the jurisdiction of the United States and this Honorable Court.

## Factual Allegations

4. Hinckley is engaged, among other things, in furnishing repairs, services and supplies to vessels of various kinds and descriptions.

5. On or about September 27, 2005, Owner delivered the Vessel to Hinckley's facility and entered into an agreement with Hinckley whereby plaintiff agreed to perform certain work and furnish certain labor, materials and services to the Vessel and Owner agreed to pay Hinckley for its services.

6. Pursuant to said agreement, and upon the order of the Owner of the aforesaid Vessel, Hinckley did perform work in the nature of repairs to said yacht, and did furnish

certain materials, supplies and related services to the Vessel, all of which were necessary to maintain the Vessel in a seaworthy condition.

7. From time to time, Hinckley submitted invoices to Owner for work done, materials supplied, and services rendered, all of which represented charges that were fair and reasonable.

8. Although Owner has paid a portion of the charges for the work performed, to wit: $250,000.00, he has failed, neglected and refused to pay for the balance of Hinckley's invoices which are now due and owing to plaintiff in the amount of $277,189.45.

9. Hinckley has performed all conditions on its part to be performed under the aforesaid agreement.

10. By reason of the foregoing premises, Hinckley has sustained damages in the amount of $277,189.45, as nearly as can now be estimated, no part of which has been paid, although duly demanded, together with interest at a rate of 1½% per month and the reimbursement of all reasonable expenses of collection and enforcement, including reasonable attorneys' fees and costs of suit.

First Cause of Action
(Enforcement of Maritime Lien)

11. Hinckley incorporates herein by reference the allegations contained in Paragraphs 1 through 10 of the Verified Complaint with the same force and effect as if set forth at length herein.

12. By reason of these premises, Hinckley's services, including its labor and materials, constitute a maritime lien for "necessaries" against the aforesaid Vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31341-31343.

WHEREFORE, Hinckley prays that this Honorable Court adjudge as follows:

(i) That *in rem* process issue in due form of law, according the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

(ii) That all persons having or claiming to have any interest in the Vessel be cited to appear and answer under oath, all and singular the matter aforesaid;

(iii) That plaintiff's claim be adjudged a valid and enforceable maritime lien against the whole of the Vessel, her engines, tackle, apparel, appurtenances, etc., and an *in rem* judgment enter in its favor against the Vessel for the full amount of its liquidated damages, together with interest, costs, expenses of collection and enforcement, including reasonable attorneys' fees and costs of suit, and other damages which may be shown at trial;

(iv) That the Vessel be condemned and sold to satisfy plaintiff's judgment; and

(v) That plaintiff has such other and further relief as this Honorable Court and justice may deem just and appropriate under the circumstances.

Dated: June 11, 2007

Respectfully submitted,

THE TALARIA COMPANY, LLC,
By its attorney,
NORMAN A. PELOQUIN, II, P.C.

/s/ Norman A. Peloquin, II

Norman A. Peloquin, II, Esquire
(RI Bar No. 4146)
16 Main Road, P.O. Box 65
Adamsville, RI 02801
Tel. (401) 635.9100
Fax (401) 635.0101
E-mail: peloquin@sealaw.net

Verification

Dan W. Shea, hereby states under the penalty of perjury pursuant to 28 U.S.C. §1746 that:

1. I am Dan W. Shea, Service Manager of The Talaria Company, LLC, plaintiff herein.

2. I have read the foregoing Verified Complaint and I know the contents thereof and the same are true to the best of my knowledge. As to the matters therein stated to be upon information and belief, I believe them to be true.

3. The sources of my information and the grounds for my beliefs are the financial statements and business records of the company, as well as my own involvement in attempting to collect the indebtedness.

I hereby certify under the penalty of perjury that the foregoing is true and correct on this ___ day of June, 2007.

To be filed electronically.

Name: Dan W. Shea
Title: Service Manager