KNM:ems 07-210 7/30/07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THE TALARIA COMPANY, LLC<br>d/b/a THE HINCKLEY COMPANY<br>and HINCKLEY YACHT SERVICES,<br>*Plaintiff* | :<br>:<br>:<br>: | |
| V. | :<br>:<br>: | CIVIL ACTION NO. 07-213 S<br>IN ADMIRALTY |
| M/V SEA BISCUIT (O.N. 590706), Her<br>Engines, Machinery, Tackle, Apparel,<br>Appurtenances, etc., *in rem*,<br>*Defendant* | :<br>:<br>:<br>: | |

**ANSWER**

Now comes the Claimant Owner, William Patton Cassidy, Jr., by and through his undersigned counsel, and for his Answer and Affirmative Defenses on behalf of defendant vessel *M/V Sea Biscuit* to the Verified Complaint of Plaintiff, states as follows:

**Jurisdiction and Venue**

1. The Claimant Owner and *M/V Sea Biscuit* (hereinafter collectively referred to as "Defendant") admit that Plaintiff alleges a claim within the Court's Admiralty and Maritime Jurisdiction under 28 U.S.C. §1333 and §31341 of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§31301-31343, as well as 28 U.S.C. § and within the meaning of Rule 9 of the Federal Rules of Civil Procedure. Except as expressly admitted all remaining allegations in Paragraph 1 of the Verified Complaint are denied.

## The Parties

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the averments set forth in Paragraph 2 and leaves plaintiff to its proof thereof.

3. Admitted.

## Factual Allegations

4. Admitted

5. Admitted that the Vessel was delivered to Hinckley's facility and that Hinckley was to perform certain work and furnish certain labor materials and services; otherwise the allegations, including any inference that the work allegedly performed or the payment for same allegedly sought by Hinckley was fair, reasonable, necessary, or agreed to by Defendant vessel or owner, is denied.

6. Denied.

7. Denied.

8. Defendant admits the Claimant Owner remitted payment, but in the amount of at least $300,000.00, to Hinckley and avers that he disputes the fairness, reasonableness, necessity or any agreement to the balance of invoices being claimed by Hinckley and denies the remaining averments set forth in Paragraph 8.

9. Denied.

10. Denied

**First Cause of Action**
**(Enforcement of Maritime Lien)**

11. Defendant reasserts its responses to Paragraphs 1 through 10 as if set forth in full herein.

12. No response is required of this Claimant Owner to the averments set forth in Paragraph 12 as they amount solely to allegations and conclusions of law and not of fact. However, to the extent an answer is required by Defendant to such averments, they are denied.

**FIRST DEFENSE**

Plaintiff's action is barred by virtue of fraud in that plaintiff knowingly misrepresented to the Claimant Owner the scope and/or cost of the repairs to be made, the plaintiff intended Defendant to rely on that misrepresentation, and the owner Claimant Owner did, in fact, rely on that misrepresentation to Defendant's detriment by delivering the vessel into the custody of Hinckley, remitting at least $300,000 to Hinckley and allowing Hinckley to commence work on the vessel, which has not yet been completed, thereby depriving Claimant Owner of Defendant vessel.

**SECOND DEFENSE**

Plaintiff is not entitled to a lien against the defendant vessel for any services or supplies that were not provided to the vessel and/or did not constitute necessaries to the vessel.

**THIRD DEFENSE**

Plaintiff has unclean hands and is therefore not entitled to any equitable recovery or relief herein.

**FOURTH DEFENSE**

Defendant asserts the defense of estoppel and waiver.

**FIFTH DEFENSE**

Defendant asserts plaintiff's own breach of contract as a defense barring its claim.

**SIXTH DEFENSE**

Defendant asserts anticipatory breach and anticipatory repudiation as defenses.

**SEVENTH DEFENSE**

Defendant asserts plaintiff failed to reasonably mitigate its alleged damages.

**EIGHTH DEFENSE**

Defendant asserts failure of consideration in that plaintiffs own non-performance and delay in performance in failing to complete on the defendant vessel within a reasonable time and at a reasonable cost bars plaintiff's claim.

**NINTH DEFENSE**

Defendant asserts the defense of payment, in that in its complaint plaintiff admits that Claimant Owner of defendant vessel has paid Hinckley at least $300,000, and said amount was accepted by Hinckley and is full, fair, and reasonable payment for the work agreed upon by the parties.

**TENTH DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**ELEVENTH DEFENSE**

Defendant reserves the right to add additional defenses as facts become known to it during the course of pretrial discovery, particularly as its counsel has yet to receive or review any documentation, such as contracts, estimates, work orders, invoices, correspondence, *et cetera,* which may give rise to additional affirmative defenses.

WHEREFORE, the Claimant Owner, William Patton Cassidy, Jr., having answered for and on behalf of Defendant *M/V Sea Biscuit* the Verified Complaint prays that same be dismissed with prejudice; and for such other and further relief deemed just and proper under the circumstances.

/s/ James T. Murphy
James T. Murphy, Esq. (#1698)
Kelly N. Michels, Esq. (#6478)
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903-2202
(401) 421-2154 – telephone
(401) 521-7040 – fax

**PROOF OF SERVICE**

I hereby certify that on August 2, 2007, a true copy of the foregoing document was served upon each attorney of record listed below by electronic filing of this document with the United States District Court for the District of Rhode Island:

Norman A. Peloquin, II, Esq. peloquin@sealaw.net

/s/ James T. Murphy
of Hanson Curran LLP