IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE TALARIA COMPANY, LLC,
d/b/a THE HINCKLEY COMPANY
and HINCKLEY YACHT SERVICES,

Plaintiff,

v.

M/V SEA BISCUIT (O.N. 590706), Her Engines, Machinery, Tackle, Apparel, Appurtenances, etc., *in rem*,

Defendant.

CIVIL ACTION NO. 07-213S
IN ADMIRALTY

**PLAINTIFF'S PRETRIAL DISCLOSURES AND MEMORANDUM**

NOW COMES plaintiff, The Talaria Company, LLC, doing business as The Hinckley Company and Hinckley Yacht Services (collectively referred to as "Hinckley"), and by its attorney, hereby makes the following pretrial disclosures in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and this Honorable Court's Pretrial Order, dated September 5, 2007 (Docket #18).

I. Witness Disclosure Pursuant to Fed. R. Civ. P. 26(a)(3)(A) and (B)

Plaintiff may call the following witnesses:

Mr. James Kerr (Fact and Expert)
Operations Manager
Hinckley Yacht Services
One Little Harbor Landing
Portsmouth, Rhode Island 02871
Tel. (401) 683-7100

Mr. Kerr is expected to testify on the facts and circumstances regarding the underlying agreement, as modified by change orders and extras, to repair and re-

fit the vessel, as well as the debt owed. Mr. Kerr may also opine on the fairness and reasonableness of plaintiff's invoices, including the hourly rate charged, the time consumed, and the cost and markup of materials charged to the account.

Mr. Dan Shea (Fact)
Service Manager
Hinckley Yacht Services
One Little Harbor Landing
Portsmouth, Rhode Island 02871
Tel. (401) 683-7100

Mr. Shea is expected to testify on the facts and circumstances regarding the underlying agreement, as modified by change orders and extras, to repair and re-fit the vessel, as well as the debt owed. He is also expected to testify about his compilations and summaries of the relevant estimates, work orders, change orders and invoices.

Mr. Joseph F. Kiley (Fact)
Service Manager
Hinckley Yacht Services
One Little Harbor Landing
Portsmouth, Rhode Island 02871
Tel. (401) 683-7114

Mr. Kiley is expected to testify on the facts and circumstances regarding the underlying agreement, as modified by change orders and extras, to repair and re-fit the vessel, as well as the debt owed.

Mr. Matthew Smith, N.A. (Fact and Expert)
Naval Architect
6 River Oak Road
Barrington, Rhode Island 02806
Tel. (401) 245-0008

Mr. Smith is expected to testify on the facts and circumstances regarding the underlying agreement to repair and re-fit the vessel, including his preparation and submissions of drawings and specifications to plaintiff on behalf of his client, Mr. Cassidy. He is also expected to testify about his review of Mr. Shea's compilations and summaries of the relevant estimates, work orders, change orders and invoices, and his opinions regarding the fairness and reasonableness of plaintiff's invoices, including the hourly rate charged, the time consumed, and the cost and markup of materials charged to the account.

Mr. Anthony Knowles (Fact and Expert)
Marine Surveyor
Newport Marine Surveyors
7 Baldwin Road
Middletown, Rhode Island
Tel. (401) 849-1560

Mr. Knowles is expected to testify on the facts and circumstances regarding his survey and inspection of the vessel during the repair and re-fit project, including his observations and findings regarding the structural integrity of the hull. He may also opine on the value of the vessel, as well as the fairness and reasonableness of plaintiff's invoices, including the hourly rate charged, the time consumed, and the cost and markup of materials charged to the account.

Mr. Andrew B. Butler (Fact)
Commercial & Fine Art Photography
104 Blodgett Avenue
Pawtucket, Rhode Island 02860

Mr. Butler is expected to testify about his visits to the plaintiff's facility to photograph the vessel during the repair and re-fit project.

Plaintiff reserves the right to call any witnesses identified by defendant or the claimant, or any other witnesses not identified herein for rebuttal and/or impeachment purposes. By identifying the foregoing witnesses, plaintiff does not guarantee their attendance at trial but will make reasonable efforts to arrange for their attendance if seasonably requested by defendant or the claimant.

II. Plaintiff's Expected Evidence

Messrs. James Kerr, Joseph F. Kiley and Dan Shea will testify that Hinckley is engaged, among other things, in furnishing repairs, services and supplies to vessels of various kinds and descriptions. They will testify that the claimant, Mr. William Patton Cassidy, Jr., delivered his yacht SEA BISCUIT (O.N. 590706) (hereinafter referred to as the "Vessel") to Hinckley's facility in Portsmouth, Rhode Island on or about September 27, 2005. They will testify that Mr. Cassidy entered into an oral agreement with

Hinckley whereby plaintiff agreed to perform certain work and furnish certain labor, materials and services to the Vessel. They will testify that in furtherance of the project, Mr. Cassidy hired a naval architect; Mr. Matthew Smith, a marine surveyor, Mr. Anthony Knowles; and a commercial photographer, Mr. Andrew B. Butler. Their evidence will establish that pursuant to the agreement, Hinckley performed work in the nature of repairs to the yacht, and furnished certain materials, supplies and related services to the Vessel between 2005 and 2007.

The evidence will establish that Hinckley submitted interim invoices to Mr. Cassidy during the project. It is undisputed that Mr. Cassidy paid an initial deposit of $50,000.00 on September 27, 2005, and made a subsequent payment of $200,000.00 on January 23, 2006. The evidence will show that Mr. Cassidy also tendered a post-dated check in the amount of $150,000.00 in 2007, and that Mr. Cassidy stopped payment on the check thereafter. The evidence will show that Mr. Cassidy refused to pay the balance of Hinckley's then current invoices which totaled $277,189.45, as nearly as could then be estimated at the commencement of the action.

Taken as a whole, the evidence will establish that Hinckley did not breach the terms of the underlying agreement with Mr. Cassidy and the boatyard did not misrepresent the scope or cost of the contemplated repairs to the vessel.

Messrs. Smith, Knowles and Kerr are expected to testify on the fairness and reasonableness of plaintiff's invoices, including the hourly rate charged, the time consumed, and the cost and markup of materials charged to the account.

III. Elements of Proof – Supporting Law

Hinckley filed this admiralty action against the Vessel to enforce its maritime lien for "necessaries" pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343 (hereinafter referred to as "CIMLA"). Plaintiff invoked the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter referred to as "Supplemental Rules") for the arrest, condemnation and sale of the Vessel.

Through his Claim (Docket #14), Mr. Cassidy admits that he is the owner of the Vessel. In his Answer (Docket #15), the claimant also admits that the Vessel was delivered to Hinckley's facility and that plaintiff was to perform certain work and furnish certain labor, materials and services to the Vessel. *Answer, para. 5*. By way of affirmative defense, Mr. Cassidy alleges, in part, that Hinckley misrepresented the scope and cost of the repairs to be made to the Vessel. *Answer, First Defense*.

The general maritime law recognizes and enforces an oral contract. *American Dredging Co. v. Miller*, 510 U.S. 443, 451 (1994). A contract to repair a vessel is maritime in nature and invokes admiralty jurisdiction giving rise to a maritime lien. *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961); *New Bedford Dry Dock Co. v. Purdy*, 258 U.S. 96, 99 (1922). To form a binding contract, the parties must agree upon the material terms of the contract and clearly express their intention to be bound by those terms. *May Ship Repair Contracting Corp. v. Barge Columbia New York*, 160 F. Supp.2d 594, 597 (S.D.N.Y. 2001) (citation omitted).

Hinckley brought this action *in rem* under Rule C(1) of the Supplemental Rules to enforce its maritime lien. Hinckley asserts such a lien against the Vessel under the Federal Maritime Lien Act, 46 U.S.C. §31342, on the basis that plaintiff provided "necessaries" to the yacht. 46 U.S.C. §31342(a)(1)-(2). In order to establish a maritime lien under the statute, Hinckley must show that it furnished repairs, supplies or other necessaries to the Vessel upon the order of the owner or a person authorized by the owner. *GMD Shipyard Corp. v. M/V Anthea Y*, 2004 WL 2251670 (S.D.N.Y. 2004) (citation omitted). Pursuant to CIMLA, the owner, the master or a person entrusted with the management of the vessel has the authority to procure necessaries that will subject the vessel to a maritime lien. 46 U.S.C. §31341(a). The term "necessaries" includes "repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. §31301(4).

Where the law allows a maritime lien, the vessel itself is viewed as the obligor whether or not its owner is also obligated on the debt. *Amstar Corp. v. S/C Alexandros T.*, 664 F.2d 904-908-09 (4th Cir. 1981). Substantive maritime law confers on the holder of a maritime lien an interest in the vessel to detain it for security and ultimately to subject it to condemnation and sale for satisfaction of the lien. *Id*. (citations omitted).

In the event that Hinckley fails to prove the existence of a valid oral agreement, a quasi-contractual claim under the equitable theory of *quantum meruit* may be considered in admiralty if it arises out of a maritime contract. *GMD Shipyard Corp. v. M/V Anthea Y*, 2004 WL 2251670 (S.D.N.Y. 2004) (citation omitted). Such a claim will be governed by state law. *Id*. (citations omitted). In order to establish a cause of action in *quantum meruit* in Rhode Island, Hinckley must show that Mr. Cassidy has derived some benefit

from the services and would be unjustly enriched without making compensation therefor. *National Chain Co. v. Campbell*, 487 A.2d 132, 135 (R.I. 1985).

Based upon the foregoing authorities, if Hinckley is successful in this action, then it is entitled to the condemnation and sale of the Vessel to satisfy any judgment that may enter in this action. *Amstar Corp.*, 664 F.2d at 908-09; 46 U.S.C. §§ 31342(a).

IV. Exhibit Disclosures Pursuant to Fed. R. Civ. P. 26(a)(3)(C)

Plaintiff expects to introduce into evidence the following exhibits:

Contract, undated (HYS 0001-0002);
Receipt, dated 9/27/2005 (HYS 0003);
Southern Realty Trust Check No. 1356 (HYS 0004);
Monthly Statement, dated 3/1/2007 (HYS 0005);
Monthly Statement, dated 1/30/2007 (HYS 0006);
Monthly Statement, dated 9/12/2007 (HYS 0007-0008);
SRO Work Order Report (HYS 0009-0021);
Various Drawings (HYS 0047-0067);
Systems Department Estimates (HYS 0068-0073);
Electrical Department Estimates (HYS 0074-0085)
Miscellaneous Memorandum (HYS 0086);
Electronics Department Estimates (HYS 0087-0090);
Carpentry Department Estimates (HYS 0091-0095);
Diagram of Frame Repairs (HYS 0096);
ME Department Estimate (HYS 0097-0098);
Work Order, dated 11/29/2005 (HYS 0099);
Milton CAT Letter, dated 10/5/2005 (HYS 0100);
Delta “T” Systems, Inc. Quote, dated 8/16/2006 (HYS 0101-0108);
E-mail Correspondence, various dates (HYS 0109-0143);
Employee Time Sheets, various dates (HYS 0144-0184);
Marine Survey, dated 5/11/2004 (HYS 0185-0194);
Project Summary (HYS 0195-0211);
Ocean Options, Inc. Estimate (HYS 0212-0221);
Luther’s Quote (HYS 0222);
C-Bea Stainless Products, Inc. Proposal/Quote (HYS 0223);
J&J Marine Fabricating, Inc. Proposal (HYS 0224-0225);
Internet images (HYS 0226-0229);
High Seas Fabrication, Inc. Proposal (HYS 0230-0231);
High Seas Fabrication, Inc. Invoice (HYS 0232-0233);
Photograph (HYS 0234);
Somerset Group Fax Cover, dated 6/8/2005 (HYS 0235-0236);
Paint Department Estimate (HYS 0237);

ME Department Estimate (HYS 0238);
Project Summaries (HYS 0239-0278);
HYS Letter, dated 4/17/2007;
Two (2) Wm. Sofrin Renderings;
Stop Payment Notice re: Southern Realty Trust Check No. 1586;
Business Records of Mr. Matthew Smith, Naval Architect;
Business Records of Mr. Anthony Knowles, Newport Marine Surveyors;
Business Records of Mr. Andrew Butler, Photographer;
Invoices;
Compilation and Summary of Estimates, Work Orders, Change Orders and Invoices (Mediation Binder, dated 1/24/2008);
Claim:
Answer; and
USCG Abstract of Title.

Plaintiff reserves the right to offer other exhibits that are identified by defendant or the claimant, or any other exhibit not listed herein for rebuttal and/or impeachment purposes.

V. Anticipated Motions *in limine*

Plaintiff anticipates filing a motion *in limine* to prevent claimant from introducing any evidence in this matter on the grounds that claimant has not served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

VI. Jury Instructions and Verdict Form

Bench trial; not applicable.

VII. Probable Length of Trial

Plaintiff estimates two (2) days for trial.

VIII. Material Under Seal

Not applicable.

Plaintiff reserves the right to supplement, modify or amend these pretrial disclosures as it obtains additional or different information during the duration of the action.

Dated: April 7, 2008

Respectfully submitted,

THE TALARIA COMPANY, LLC,
By its attorneys,
PARTRIDGE SNOW & HAHN LLP

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II, *Of Counsel*
(RI Bar No. 4146)
180 South Main Street
Providence, RI 02903
Tel.: (401) 861-8200
Fax: (401) 861-8210
E-mail: nap@psh.com

Certificate of Service

I hereby certify on this 7th day of April, 2008, that a true and correct copy of the foregoing document was served upon the following counsel of record by the CM/ECF system: Mr. James T. Murphy and Ms. Kelly N. Michels, Hanson Curran LLP, 146 Westminster Street, Providence, Rhode Island 02903.

/s/ Norman A. Peloquin, II
Norman A. Peloquin, II, Esquire

975176_1